**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**COLUMBUS HOTELS, LLC**
                                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:** __1:24-CV-127-SA-DAS__

**UNITED STATES SMALL BUSINESS**
**ADMINISTRATION, ISABELLA CASILLAS**
**GUZMAN, IN HER OFFICIAL CAPACITY AS**
**ADMINISTRATOR OF THE SMALL BUSINESS**
**ADMINISTRATION; JANET YELLEN, IN HER**
**OFFICIAL CAPACITY AS UNITED STATES**
**SECRETARY OF TREASURY; AND THE**
**UNITED STATES DEPARTMENT OF JUSTICE;**
**ATTORNEY GENERAL MERRICK GARLAND**                  **DEFENDANTS**

**COMPLAINT FOR DECLARATORY**
**JUDGMENT AND MANDAMUS RELIEF**

COMES NOW, Plaintiff Columbus Hotels, LLC ("Columbus Hotels" or "Plaintiff"), by

and through its attorneys, and as for its Complaint against Defendants and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for a declaratory judgment pursuant to Federal Rule of Civil

Procedure 57 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of

determining a question of actual and immediate controversy between the parties.

2.      Plaintiff seeks a declaratory judgment that (1) Plaintiff was eligible to apply for a

Paycheck Protection Program ("PPP") loan; (2) Plaintiff was eligible to receive a PPP loan; (3)

Plaintiff's commingling of PPP loan proceeds with current monies in existing bank accounts was

not prohibited by and did not violate the U.S. Code or SBA regulations; (4) Plaintiff used the PPP

loan proceeds appropriately for eligible expenses; (5) Plaintiff's use of its own funds, which were

commingled with but in excess of PPP loan proceeds, for non-PPP purposes did not violate the

U.S. Code or SBA regulations, and (6) Plaintiff did not falsely certify its PPP loan forgiveness application.

3. Further, Columbus Hotels seeks mandamus relief pursuant to 28 U.S.C. §§ 1331, 1361 and 1651(a) compelling Defendants to render a decision regarding the Second Draw PPP Loan Forgiveness Application for Columbus Hotels.

4. Defendant U.S. Department of Justice has issued Civil Investigative Demands ("CIDs") to Plaintiff in an effort to determine the legitimacy of PPP loans and associated loan forgiveness extended to Plaintiff by Defendant Untied States Small Business Administration ("SBA"), presumably in an effort to bolster allegations of violations of the False Claims Act and FIRREA. As such, an actual case and controversy exists.

## PARTIES

5. Columbus Hotels is a limited liability company organized under the laws of Mississippi with its principal office located at 1305 Mall of Georgia Blvd., Suite 201, Buford, Georgia 30519. Columbus Hotels owns and operates a La Quinta Inn located at 1200 Highway 45 North, Columbus, Mississippi 39705 located in the Northern District of Mississippi.

6. Defendant United States Small Business Administration ("SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq.* Under the Coronavirus Aid, relief, and Economic Security ('CARES") Act, the SBA administers the PPP.

7. Defendant Isabella Casillas Guzman is the Administrator of the SBA and is sued only in her official capacity. Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for this cause of action.13 C.F.R. § 101.1 01(a)(1-2).

8. Defendant Janet Yellen is the Secretary of the United States Department of Treasury and is sued only in her official capacity.

9. Defendant U.S. Department of Justice ("DOJ") is an executive department of the United States federal government.

10. Defendant Merrick Garland is the Attorney General of the United States, the principal officer of DOJ and is sued only in his official capacity.

**JURISDICTION & VENUE**

11. This Court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §§ 1331 and 2201 because the claims arise under the laws of the United States.

12. This Court also has jurisdiction pursuant to 15 U.S.C. § 634(b)(1) which vests jurisdiction in any United States District Court to adjudicate cases against the Administrator of the SBA.

13. The jurisdiction to grant declaratory relief is conferred upon the Court by Rule 57 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 2201.

14. The SBA's denial of PPP relief to Plaintiff are final agency actions under 5 U.S.C. § 704, which this Court has authority to review under 5 U.S.C. § 702.

15. Further, Columbus Hotels seeks mandamus relief pursuant to 28 U.S.C. §§ 1331, 1361 and 1651(a) compelling Defendant SBA to forgive Columbus Hotels' Second PPP Loan Forgiveness Application.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States, a substantial part of the events giving rise to the claims occurred in this judicial district, Plaintiff is incorporated and operates in this judicial district, and no real property is involved in the action.

17. Venue is also proper in this judicial district specifically because the U.S. Department of Justice is conducting an investigation into Columbus Hotels, and that investigation focused primarily on conduct within this judicial district.

## LEGAL BACKGROUND

**I.     The CARES Act and the Paycheck Protection Program**

18.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic.

19.     One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). The program was modified and extended thereafter.

20.     To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

21.     In the PPP loan application (SBA Form 2483), the business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

22.     A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

23. PPP loan proceeds were required to be used by the business on certain permissible expenses — payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

A. First Draw PPP Borrower Application Form

24. The PPP Borrower Application Form, effective April 2, 2020, required the applicant to make the following certifications and authorizations, *inter alia*, relevant to this matter:

A. The applicant was eligible to receive a loan under the rules ("PPP Rules") in effect at the time this application was submitted;

B. All SBA loan proceeds would be used only for business-related purposes as specified in the loan application and consistent with the PPP Rules;

C. That funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the PPP Rules;

D. That applicant would provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following the loan;

E. That the applicant understood that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs; and

F. That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects.

B. First Draw PPP Loan Forgiveness Application

25. The First Draw PPP Loan Forgiveness Application Form 3508EZ, expiration date October 31, 2020, required the eligible recipient to make the following certifications:

A. That the dollar amount for which forgiveness was requested:

- was used to pay costs that are eligible for forgiveness (payroll costs to retain employees; business mortgage interest payments; business rent or lease payments; or business utility payments);

- included payroll costs equal to at least 60% of the forgiveness amount;

- if a 24-week Covered Period applied, did not exceed 2.5 months' worth of 2019 compensation for any owner-employee or self-employed individual/general partner, capped at $20,833 per individual; and

B. That the Borrower did not reduce salaries or hourly wages by more than 25 percent for any employee during the Covered Period or Alternative Payroll Covered Period compared to the period between January 1, 2020 and March 31, 2020;

C. That the information provided in the application and the information provided in all supporting documents and forms was true and correct in all material respects and that the applicant understood that knowingly making a false statement to obtain forgiveness of an SBA-guaranteed loan is punishable under the law; and

D. That the tax documents the applicant submitted to the Lender were consistent with those the Borrower has submitted/would submit to the IRS and/or state tax or workforce agency.

In addition, the Authorized Representative of the Borrower must certify by initialing at least **ONE** of the following two items:

E. That the Borrower did not reduce the number of employees or the average paid hours of employees between January 1, 2020 and the end of the Covered Period (other than any reductions that arose from an inability to rehire individuals who were employees on February 15, 2020, if the Borrower was unable to hire similarly qualified employees for unfilled positions on or before December 31, 2020, and reductions in an employee's hours that a borrower offered to restore and were refused).

F. That the Borrower was unable to operate between February 15, 2020, and the end of the Covered Period at the same level of business activity as before February 15, 2020 due to compliance with requirements established or guidance issued between March 1, 2020 and December 31, 2020, by certain federal governmental agencies, related to the maintenance of standards of sanitation, social distancing, or any other work or customer safety requirement related to COVID-19.

C. Second Draw PPP Borrower Application Form

26. The Second Draw PPP Borrower Application Form, effective January 8, 2021, required the applicant to make the following representations, authorizations, and certifications,

*inter alia*, relevant to this matter:

    A.  That the applicant was eligible to receive a loan under the rules in effect at the time the application was submitted;

    B.  That all loan proceeds would be used only for business-related purposes as specified in the loan application and consistent with the PPP Rules;

    C.  That the applicant had realized a reduction in gross receipts in excess of 25% relative to the relevant comparison time period;

    D.  That the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules;

    E.  That the applicant understood that loan forgiveness would be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs;

    F.  That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects;

## D.  Second Draw PPP Loan Forgiveness Application

27.    The Second Draw PPP Loan Forgiveness Application Form 3508S, revised January 19, 2021, with an expiration date of July 31, 2021, required the eligible recipient to make the following certifications:

    A.  That the Borrower complied with all requirements in the PPP Rules, including the rules related to:

- eligible uses of PPP loan proceeds;

- the amount of PPP loan proceeds that must be used for payroll costs;

- the calculation and documentation of the Borrower's revenue reduction (if applicable); and

- the calculation of the Borrower's Requested Loan Forgiveness Amount.

    B.  That the information provided in this application was true and correct in all material respects and that applicant understood that knowingly making a false statement to

obtain forgiveness of an SBA-guaranteed loan is punishable under the law;

## II.     The False Claims Act

28.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29.     The FCA provides, in pertinent part, that any person who:

(a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

(a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. 31 U.S.C. § 3729(a)(1).

30.   FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015. *See* 28 U.S.C. § 2461 note. For violations occurring after November 2, 2015, the civil penalty amounts currently range from a minimum of $13,946 to a maximum of $27,894. *See* C.F.R. § 85.5.

31.   For purposes of the FCA, the terms "knowing" and "knowingly"

   A.  mean that a person, with respect to information—

      (i)  has actual knowledge of the information;

      (ii) acts in deliberate ignorance of the truth or falsity of the information; or

      (iii) acts in reckless disregard of the truth or falsity of the information; and

   B.  require no proof of specific intent to defraud.

31 U.S.C. § 3729(b)(1).

32.   Under the FCA, the term "claim" includes requests to the United States for payment, whether made directly or indirectly to the United States. 31 U.S.C. § 3729(b)(2)(A).

33. The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. 31 U.S.C. § 3729(b)(4).

**III. FIRREA**

34. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Section 951 of FIRREA, as amended, codified at 12 U.S.C. § 1833a, provides that the Attorney General may recover civil penalties of up to $1 million per violation against persons who commit specified violations as established by a preponderance of the evidence. 28 C.F.R. § 85.5 (the maximum civil penalty was increased to $2,073,133 for assessments after December 13, 2021, for which violations occurred after November 2, 2015).

36. The statute further provides that the Attorney General alternatively may recover the amount of any gain to the person committing the violation, or the amount of the loss to a person other than the violator stemming from such conduct, up to the amount of the gain or the loss. *Id*.

37. The predicate violations identified in Section 951 that can form the basis for liability under FIRREA include, among others: (a) knowingly or willfully making a materially false or fraudulent statement affecting a federally insured financial institution (18 U.S.C. § 1001); (b) making a false statement on a loan application to a financial institution, "the accounts of which are insured by the Federal Deposit Insurance Corporation" (18 U.S.C. § 1014); and (c) knowingly making a false statement for the purpose of influencing a decision by the Administrator of the SBA or to obtain a loan, money, or anything of value under the SBA's 7(a) program, including the PPP (15 U.S.C. § 645(a)).

**FACTUAL BACKGROUND**

**I.     Columbus Hotels**

38.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

A.  First Draw PPP Loan Application

39.     On or before April 3, 2020, Columbus Hotels applied for a First Draw PPP Loan through Citizens National Bank of Meridian ("Lender"). A copy of Columbus Hotels' First Draw PPP Loan Application is attached hereto as Exhibit A.

40.     As part of its First Draw PPP Loan Application, Columbus Hotels certified that:

A.     it was eligible to receive a loan under the rules in effect at the time the application was submitted, with which Columbus Hotels can prove its eligibility, specifically, that it was engaged in a business with a NAICS code that begins with 72, had more than one physical location, and had less than 500 employees per location, as detailed in Exhibit A, attached hereto.

B.     all SBA loan proceeds would be used only for business-related purposes as specified in the loan application and consistent with the PPP Rules.

C.     funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the PPP Rules.

D.     it would provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the covered period following the loan, with which Columbus Hotels can prove compliance, as illustrated in Exhibit A, attached hereto.

E.     the information provided in the application and the information provided in all

supporting documents and forms was true and accurate in all material respects.

41. On April 11, 2020, the Lender approved Columbus Hotels' First Draw PPP Loan Application.

42. On April 15, 2020, loan proceeds were disbursed to Columbus Hotels and deposited into Columbus Hotels' bank account ending in X-07998.

43. Columbus Hotels complied with all certifications in its First Draw PPP Loan Application.

B. First Draw PPP Loan Forgiveness Application

44. On November 19, 2020, Columbus Hotels submitted a forgiveness application for its First Draw PPP Loan (Form 3508EZ).

45. As part of its First Draw PPP Loan Forgiveness application, Columbus Hotels certified, *inter alia,* that:

A. the dollar amount for which forgiveness was requested was used to pay costs that are eligible for forgiveness (payroll costs to retain employees; business mortgage interest payments; business rent or lease payments; or business utility payments), with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

B. the dollar amount for which forgiveness was requested included payroll costs equal to at least 60% of the forgiveness amount, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

C. the dollar amount for which forgiveness was requested, for a 24-week Covered Period, did not exceed 2.5 months' worth of 2019 compensation for any owner-employee or self-employed individual/general partner, capped at $20,833 per individual, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

D. the Borrower did not reduce salaries or hourly wages by more than 25

percent for any employee during the Covered Period *(8 weeks)* or Alternative Payroll Covered Period (*24 weeks*) compared to the period between January 1, 2020 and March 31, 2020, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

E.      the information provided in the application and the information provided in all supporting documents and forms was true and correct in all material respects and that the applicant understood that knowingly making a false statement to obtain forgiveness of an SBA-guaranteed loan is punishable under the law, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

F.      it did not reduce the number of employees or the average paid hours of employees between January 1, 2020 and the end of the Covered Period, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto;

G.      it was unable to operate between February 15, 2020, and the end of the Covered Period at the same level of business activity as before February 15, 2020 due to compliance with requirements established or guidance issued between March 1, 2020 and December 31, 2020, by the Secretary of Health and Human Services, the Director of the Centers for Disease Control and Prevention, or the Occupational Safety and Health Administration, related to the maintenance of standards of sanitation, social distancing, or any other work or customer safety requirement related to COVID-19, with which Columbus Hotels proved compliance, as illustrated in Exhibit B, attached hereto.

46.     On December 8, 2020, Columbus Hotels received notification that its First Draw PPP Loan had been forgiven.

B.  Second Draw PPP Loan Application

47.     On January 12, 2021, Columbus Hotels applied for a Second Draw PPP Loan through Citizens National Bank of Meridian ("Lender"). A copy of Columbus Hotels' Second

Draw PPP Loan Application is attached hereto as Exhibit C.

48. As part of its Second Draw PPP Loan Application, Columbus Hotels certified, *inter alia*, that:

A. it was eligible to receive a loan under the rules in effect at the time the application was submitted, which Columbus Hotels submitted proving its eligibility, specifically, that it was engaged in a business with a NAICS code that begins with 72, had more than one physical location, and had less than 500 employees per location, as detailed in Exhibit C, attached hereto.

B. all loan proceeds would be used only for business-related purposes as specified in the loan application and consistent with the PPP Rules.

C. it had realized a reduction in gross receipts in excess of 25% relative to the relevant comparison time period, with which Columbus Hotels proved compliance, as illustrated in Exhibit C, attached hereto.

D. the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules.

E. the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects.

49. On January 21, 2021, the Lender approved Columbus Hotels' application for a Second Draw PPP Loan.

50. On January 25, 2021, loan proceeds were disbursed to Columbus Hotels and deposited into Columbus Hotels' bank account ending in X-07998.

51. Columbus Hotels complied with all certifications in its Second Draw PPP Loan

Application.

D. Second Draw PPP Loan Forgiveness Application

52. As such, on July 19, 2021, Columbus Hotels submitted a forgiveness application for its Second Draw PPP Loan (Form 3508S).

53. As part of its Second Draw PPP Loan Forgiveness Application, Columbus Hotels certified that:

A. That the Borrower complied with all requirements in the PPP Rules, including the rules related to:

- eligible uses of PPP loan proceeds, with which Columbus Hotels proved compliance, as illustrated in Exhibit D, attached hereto;

- the amount of PPP loan proceeds that must be used for payroll costs, with which Columbus Hotels proved compliance, as illustrated in Exhibit D, attached hereto;

- the calculation and documentation of the Borrower's revenue reduction (if applicable), with which Columbus Hotels proved compliance, as illustrated in Exhibit D, attached hereto; and

- the calculation of the Borrower's Requested Loan Forgiveness Amount, with which Columbus Hotels proved compliance, as illustrated in Exhibit D, attached hereto.

B. That the information provided in this application was true and correct in all material respects and that applicant understood that knowingly making a false statement to obtain forgiveness of an SBA-guaranteed loan is punishable under the law.

54. On June 30, 2022, Columbus Hotels received notification that the SBA would not forgive its Second Draw PPP Loan because Columbus Hotels and its affiliates exceeded the corporate limit for Second Draw PPP Loan forgiveness. Columbus Hotels timely appealed this

decision, and SBA "charged off" the loan as to Columbus Hotel's Lender, as illustrated in Exhibit E, attached hereto.

55. Despite the charge off to the Lender, Columbus Hotels remains liable for the repayment of its Second Draw PPP Loan and interest, because SBA has not provided any correspondence to Chattanoogan that its Second Draw PPP Loan is forgiven.

56. On January 24, 2022, Columbus Hotels received a CID from Defendant DOJ requesting responses to Interrogatories and production of documents related to its application for PPP loans and loan forgiveness.

57. As of July 10, 2024, despite having appealed SBA's Second Draw PPP Loan Forgiveness Application, Columbus Hotels has not received a final determination regarding its Second Draw PPP Loan forgiveness, presumably due to DOJ's investigation. As such, an actual case and controversy exists.

**CLAIMS FOR RELIEF**

**DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

58. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

59. Plaintiff faces the risk of a civil enforcement action under the FCA.

60. Defendants' interpretation of the FCA and its regulations is inconsistent with the statutory and regulatory text and purports to obligate Plaintiff to follow requirements that are unsupported by the relevant statute and regulations.

61. Accordingly, an actual or substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.

62. This dispute is ripe. As set forth above, on information and belief, Defendants intend to file a civil enforcement action based on alleged violations of the False Claims Act, and

Plaintiff dispute the factual and legal basis for such action.

63.     A declaration would clarify and settle the parties' legal obligations under the text of the FCA and its implementing regulations.

64.     Plaintiff is thus entitled to declaratory relief as set forth below.

### WRIT OF MANDAMUS AS TO COLUMBUS HOTELS'
### SECOND DRAW PPP LOAN FORGIVENESS APPLICATION
### (28 U.S.C. §§ 1361 and 1651(a))

65.     Columbus Hotels repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

66.     In relevant part, the All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writes necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

67.     District Courts may grant mandamus relief by "compel[ling] an officer or employee of the United States of any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

71.     A mandamus is warranted when an agency's delay in rendering a decision is egregious. *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138 (9th Cir. 2020). "Repeatedly courts in this and other circuits have concluded that "a reasonable time for agency action is typically counted in weeks or months, not years." *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020) (internal quotations omitted.); *see In re Core Commc'ns*, 531 F.3d 849, 857 (D.C. Cir. 2008) (finding six-year delay unreasonable); *In re Bluewater Network*, 234 F.3d 1305, 1316 (D.C. Cir. 2000) (finding nine-year delay unreasonable); *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1150 (D.C. Cir. 1992) (per curiam) (finding six year delay unreasonable).

68.     As outlined above, Columbus Hotels submitted its Second Draw PPP Loan Forgiveness Application and accompanying documents to SBA on July 19, 2021.  As of July 10,

2024, almost three years after receiving Columbus Hotels' loan forgiveness application, SBA has not provided Columbus Hotels with notification that its Second Draw PPP Loan has been forgiven.

69.     A mandamus compelling SBA to forgive Columbus Hotels' Second Draw PPP Loan is warranted given the egregious and unreasonable delay.

**PRAYER FOR RELIEF**

For the reasons above, Plaintiff respectfully requests that the Court:

1. Declare that:

   a. Plaintiff was eligible to apply for a PPP loan;

   b. Plaintiff was eligible to receive a PPP loan;

   c. Plaintiff's commingling of PPP loan proceeds with current monies in existing bank accounts was not prohibited by and did not violate the U.S. Code or SBA regulations;

   d. Plaintiff used the PPP loan proceeds appropriately for eligible expenses;

   e. Plaintiff's use of its own funds, which were commingled with but in excess of PPP loan proceeds, for non-PPP purposes did not violate the U.S. Code or SBA regulations, and

   f. Plaintiff did not falsely certify their PPP loan forgiveness application.

2. Enter an order compelling Defendants SBA and Administrator Isabella Casillas Guzman to:

   a. Immediately forgive Columbus Hotels' Second Draw PPP Loan; and

   b. Implement a full, speedy, and adequate administrative review process if Defendants intend to deny forgiveness of Columbus Hotels' Second Draw PPP Loan.

3. Award costs and attorneys' fees to Plaintiff; and

4. Grant such other relief as may be just and proper.

THIS the 10th day of July, 2024.

Respectfully submitted,

*/s/ D. Michael Hurst, Jr.*

D. Michael Hurst, Jr., MB# 99990
Nash E. Gilmore, MB# 105554
4270 I-55 North
Jackson, MS 39211-6391
Telephone: 601-352-2300
Facsimile: 601-360-9777
mike.hurst@phelps.com
nash.gilmore@phelps.com

Arthur F. Jernigan, Jr. MSB#3092
Jernigan Copeland Attorneys PLLC
970 Ebenezer Blvd.
Madison, Ms. 39110
601-427-0021
ajernigan@jcalawfirm.com

*Attorneys for Plaintiff*